UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DASSAULT SYSTÈMES
SOLIDWORKS CORPORATION,

        Plaintiff,

v.                                 Case No. 8:23-cv-1444-KKM-AEP

LINEAR ENGINEERING &
MANUFACTURING CORP.,
QUY MINH TANG, DIEU NGUYEN,
AUSTIN MORRIS,

        Defendant.

_____/

### REPORT AND RECOMMENDATION

This cause comes before the Court upon Dassault Systemes SolidWorks Corporation's ("Plaintiff") Motion for Default Judgment ("Motion") (Doc. 33). Pursuant to Federal Rule of Civil Procedure 55, Plaintiff seeks entry of a default judgment against Linear Engineering & Manufacturing Corp., Quy Ming Tang, Dieu Nguyen, and Austin Morris ("Defendants") based upon Defendants' failure to answer the Complaint. For the reasons set forth below, it is recommended that Plaintiff's Motion be granted.

### I.    Background

This case arises from the use of pirated software. Plaintiff is a Delaware corporation, and "the creator, author, and owner of the software code for the SolidWorks software package," a computer-aided design software package. (Doc.

1, ¶¶ 1, 15). Defendant Linear Engineering & Manufacturing Corp ("Linear") is a Florida corporation which provides manufacturing engineering consulting, engineering services, and manufacturing services. (Doc. 1, ¶¶ 2, 83). Defendant Quy Ming Tang ("Tang") is the President of Linear and a resident of the Middle District. (Doc. 1, ¶ 3). Defendant Dieu Nguyen ("Nguyen") is the Vice President of Linear and a resident of the Middle District. (Doc. 1, ¶ 4). Defendant Austin Morris ("Morris") is employed by or otherwise associated with Linear and a resident of the Middle District. (Doc. 1, ¶ 5).

On January 28, 2024, Plaintiff filed its Complaint against Defendants seeking monetary damages and injunctive relief for copyright infringement, circumvention of technological measures, and breach of contract. (Doc. 1, ¶¶ 108-158). In its Complaint, Plaintiff alleges that it owns the copyright registration for the SolidWorks software package and SolidWorks' subsequent releases (Doc. 1 ¶¶ 15-17). As part of its software package, SolidWorks "incorporates detection and monitoring technology that detects and identifies use of unlicensed and unauthorized copies of the [SolidWorks] software and transmits identifying data to DS SolidWorks over the internet when such unauthorized uses occur." (Doc. 1, ¶ 18). Through the use of this monitoring technology, Plaintiff has detected at least 292[1] uses of unlicensed and unauthorized copies of SolidWorks software on at least

---

[1] Plaintiff's Complaint alleges that 299 uses were detected. However, Plaintiff's Supplement to its Motion for Default Judgment acknowledges that this was a computational error and 292 uses are actually attributed to the defendants in this matter. The Court defers to the number given in Plaintiff's Supplement. (Doc. 40, p. 4).

six different computers linked to Defendants. (Doc. 1, ¶¶ 19). Specifically, it detected 28 uses on a computer linked to Tang, 213 uses on a computer linked to Morris, 30 uses on a computer linked to a former employee, Khoa Ngo, 10 uses on a fourth computer linked to Linear, 9 uses on fifth computer linked to Linear, and 2 uses on a sixth computer linked to Linear. (Doc. 1, ¶¶ 20-81; Doc. 33-1, p. 2; Doc. 40, p. 4). In November 2022, Plaintiff sent a letter via First Class Mail to Nguyen and emails to Tang and Nugyen regarding the improper use of its software on the six computers linked to Linear and its employees. (Doc. 1, ¶ 105). However, this did not resolve the matter, and Plaintiff subsequently filed the instant action seeking monetary damages and injunctive relief for copyright infringement, circumvention of technological measures, and breach of contract. (Doc. 1).

As of the date of this filing, no Defendant has appeared or otherwise filed an Answer or responsive pleading. Following Defendants' failure to appear, Plaintiff filed a Motion for Entry of Default against Defendants which the Clerk of Court entered. (Docs. 17-18, 29-30). Plaintiff subsequently moved for entry of a default judgment against Defendants. (Doc. 33).

## II.    Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true,

adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[2] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[3] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against them. *See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288–89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).
[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested. Notably, allegations regarding the amount of damages are not admitted by virtue of default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Rather, the plaintiff bears the burden to demonstrate the amount of damages it contends the court should award, and the court determines the amount and character of damages to be awarded. *Id.* Though the court may hold an evidentiary hearing to determine an appropriate amount of damages, it is not required to do so, especially where, as here, the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that, when considering when to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record."); *Wallace*, 247 F.R.D. at 681 ("If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. . . . However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages."); *see also* Fed. R. Civ. P. 55(b)(2).

Notwithstanding, a court must assure that a legitimate basis exists for any damage award it enters. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

### III.   Discussion

Upon review of the filings, a hearing regarding same, and for the reasons stated below, it is recommended that judgement be entered against Defendants.

### A. Subject Matter Jurisdiction and Personal Jurisdiction

This Court has subject matter jurisdiction over Plaintiff's claims of copyright infringement (17 U.S.C. § 501) and circumvention of technological measures (17 U.S.C. § 1201) under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) as these claims are brought pursuant to federal statutes. The Court retains jurisdiction of Plaintiff's breach of contract claim pursuant to 28 U.S.C. 1367(a) as it is part of the same case or controversy as Plaintiff's federal claims. The Court also has personal jurisdiction over Defendants as Linear is incorporated in Florida and has its principal place of business in Florida, and Tang, Nguyen, and Morris are all residents of Florida. (Doc. 1, ¶¶ 2-5, 9-12).

### B. Proper Service of Process

In seeking default judgment, Plaintiff bears the burden of establishing proper service of the Complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper

service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Here, Defendant Linear was properly served on July 3, 2023, through delivery of a true copy of the Summons and Complaint upon an Office Clerk of Linear authorized to accept service. (Doc. 44); *see* Fed. R. Civ. P. 4(h)(1)(B). Defendant Morris was properly served on July 8, 2023, though delivery of a true copy of the Summons and Complaint upon his person at his residence. (Doc. 7). On September 26, 2024, Plaintiff sought an extension of time to effectuate service on the remaining Defendants which was granted, giving Plaintiff until November 26, 2023, to effectuate service. (Docs. 21-22). Accordingly, on September 27, 2023, Defendants Dieu Nguyen and Quy Minh Tang were properly served. (Docs. 25-26).

### C. Liability and Damages

#### i. Statutory Damages

##### 1. Copyright Infringement

In Count I of its Complaint, Plaintiff alleges that Defendants infringed upon Plaintiff's copyrights in SolidWorks in violation of 17 U.S.C. § 501. (Doc. 1, ¶ 15).

To succeed on a claim of copyright infringement, a plaintiff must establish 1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Bateman v. Mnemonics*, Inc., 79 F.3d 1532, 1540 (11th Cir.1996). In cases of computer software, a finding that the protected source code has been copied is sufficient evidence to establish infringement. *See Bateman*, 79 F.3d at 1544 n. 25; *see also Montgomery v. Noga*, 168 F.3d 1282, 1292 (11th Cir.1999) (upholding copyright claim based on copying over seventy percent of the source code from original version in which the claimant owned a registered copyright).

Here, Plaintiff has alleged that it owns all rights and title to the copyrights for SolidWorks. (Doc. 1, ¶ 110). Moreover, it maintains that Tang and Morris have violated its exclusive right to reproduce the copyrighted work by using unlicensed copies of SolidWorks which is accomplished by using a computer to copy the SolidWorks code from the computer storage unit to the computers' volatile memory. (Doc. 1, ¶¶ 41, 53, 113, 115). Accordingly, Plaintiff has successfully shown that Tang and Morris are directly liable for copyright infringement.

Plaintiff further alleges that Linear, Tang, and Nguyen are vicariously liable for these acts. (Doc. 33, p. 6-7). "Traditional principles of vicarious liability apply in copyright infringement actions." *Dream Custom Homes, Inc. v. Mod. Day Const., Inc.*, 773 F. Supp. 2d 1288, 1310 (M.D. Fla. 2011), aff'd, 476 F. App'x 190 (11th Cir. 2012). Thus, a corporation may be liable for the infringing actions of its employees where it had 1) the right and ability to supervise the infringing activity and 2) a direct

financial interest. *Casella v. Morris*, 820 F.2d 362, 365 (11th Cir.1987). Here, Plaintiff has reported that the unlicensed and unauthorized copies of SolidWorks were installed on Linear's computers by employees or persons under its control. (Doc. 1, ¶¶ 29-87). Moreover, the alleged infringement occurred at Linear's locations on its internet network. (Doc. 1, ¶¶ 29-81). Finally, Plaintiff maintains that Linear received a direct financial benefit from the infringement. (Doc. 1, ¶ 116). Therefore, Plaintiff has successfully established that Linear is vicariously liable for copyright infringement.

For a corporate officer to be held personally liable based on vicarious liability in a copyright infringement action, a "corporate officer must have had the ability to supervise the infringing activity and, second, that individual must have had a financial interest in that activity." *Playboy Enterprises, Inc. v. Starware Pub. Corp.*, 900 F. Supp. 438 (S.D. Fla. 1995) (citing *Southern Bell Tel. & Tel. Co. v. Assoc. Telephone Directory Publishers*, 756 F.2d 801, 811 (11th Cir.1985)). Here Plaintiff alleges that Tang and Nguyen, as President and Vice President of Linear respectively, are vicariously liable for the copyright infringement at issue in this action. (Doc. 33, p. 7). Plaintiff maintains that through their roles in the company Tang and Nguyen had the capacity to control and supervise the infringement, created policies that resulted in the infringement, and received a direct financial benefit from the infringement. (Doc. 1, ¶¶ 3-4, 101-104, 107, 117-120). Accordingly, Plaintiff has successfully established that Tang and Nguyen are personally liable for the infringing acts.

## 2. Circumvention of Technological Measures

In Count II of its Complaint, Plaintiff alleges that Defendants are liable for violating 17 U.S.C. § 1201, a portion of the Digital Millennium Copyright Act, through the circumvention of technological measures. Pursuant to 17 U.S.C. § 1201(a)(1)(A), "[n]o person shall circumvent a technological measure that effectively controls access to a work protected under this title." Circumvent is further defined under the statute as actions to "descramble a scrambled work, to decrypt an encrypted work, or otherwise to avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner." 17 U.S.C. § 1201(a)(3)(A). Meanwhile, a measure is said to "effectively control access to a work" if, in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to the work."  17 U.S.C. § 1201(a)(3)(B).

Here, Plaintiff maintains that SolidWorks contains a technological measure which prevents the software from being unlocked until a licensing key is entered. (Doc. 1, ¶ 124). Thus, each time Tang, Morris, and other Linear employees ran a pirated version of the SolidWorks, they bypassed the licensing key and violated the statute. (Doc. 33, p. 8; Doc. 1, ¶¶ 125-129). Accordingly, Plaintiff has successfully shown that Tang, Nguyen, and Linear are directly liable for violating 17 U.S.C. § 1201.

Moreover, Plaintiff maintains that Linear, Tang, and Nguyen are vicariously liable for this statutory violation in the same manner they would be for copyright

infringement. While the Eleventh Circuit has not directly addressed vicarious liability under the Digital Millenium Copyright Act, the Sixth Circuit and other district courts within the Eleventh Circuit have found that copyright principles of secondary liability apply equally to violations of the DMCA. *Gordon v. Nextel Commc'ns & Mullen Adver., Inc.*, 345 F.3d 922, 925-926 (6th Cir. 2003) (holding vicariously liability applies to DMCA actions where the defendant 1) "has the right and ability to supervise the infringing conduct" and 2) "has an obvious and direct financial interest in the infringement"); A*tlanta Photography, LLC v. Ian Marshall Realty, Inc.*, No. 1:13-CV-2330-AT, 2014 WL 11955391 (N.D. Ga. Mar. 7, 2014) (acknowledging vicariously liability is applicable in DMCA actions). Accordingly, Plaintiff has successfully shown that Linear, Tang, and Nguyen are vicariously liable for circumvention of technological measures pursuant to 17 U.S.C. § 1201 as Plaintiff has alleged that the parties 1) had the right and ability to supervise the infringing conduct and 2) had an obvious and direct interest in the infringement. (Doc. 1, ¶¶ 129-134).

### ii.  Breach of Contract

In Count III of its Complaint, Plaintiff alleges that Defendants are liable for breach of contract under Massachusetts common law. In support thereof, Plaintiff maintains that its products SolidWorks 2016, SolidWorks 2017, SolidWorks 2018, SolidWorks 2019, and SolidWorks 2022 require the user to accept the terms and conditions of its License Agreement which state in part "[i]f you have paid the license fee for a single-user license of the Offering, this Agreement permits you to

11

install and use one (1) copy of the Offering on any single computer." (Doc. 1, ¶ 137; Doc. 1-6, p. 5). Plaintiff thus alleges that one of more defendants accepted the licensing agreement when they installed or used these products. (Doc. 1, ¶ 138). However, no defendant paid the licensing fee for the above-mentioned unauthorized and unlicensed uses. (Doc. 1, ¶ 140). Therefore, by installing or using these products, Defendants breached the licensing agreement. (Doc. 1, ¶ 141). Plaintiff further alleges the Defendants breached two other provisions of the agreement which state that Plaintiff "reserves the right to use a hardware lock device, license administration software, and/or a license authorization key to control access to the Offering. [Users] may not take any steps to avoid or defeat the purpose of any such measures," and "[users] may not load or use the Offering in any computer or copy it without a right to do so from OS." (Doc. 1-6, pp. 25, 3). Plaintiff thus maintains that Defendants breached these provisions by running a crack program known as SolidSqaud to bypass the licensing key requirement and improperly copying the software onto other devices. (Doc. 1, ¶¶ 146-49, 152-56). The agreement provides that it is too be governed by Massachusetts common law. (Doc. 1-6 at 4).

To establish breach of contract under Massachusetts law, a plaintiff must establish: 1) "a valid contract between the parties existed"; 2) "the plaintiff was ready, willing, and able to perform"; and 3) the defendant was in breach of the contract"; 4) "the plaintiff sustained damages as a result." *Bose Corp. v. Ejaz*, 732 F.3d 17, 21 (1st Cir. 2013). Here, as set forth above, Plaintiff has established the

existence of a valid contract between the parties and its breach by Defendants. Moreover, Plaintiff has successfully asserted that it was willing to uphold its end of the agreement through the provision of the software and that it suffered damages as a result of these breaches. (Doc. 1, ¶¶ 15, 158). Accordingly, Plaintiff has successfully plead its entitlement to damages on its breach of contract claim.

### iii. Damages

Through its Motion and accompanying Supplement, Plaintiff seeks monetary damages totaling $1,323,490. Specifically, Plaintiff has alleged entitlement to $98,915 for its breach of contract claim, $494,575 for its copyright infringement claim, and $730,000 for its circumvention of technological measures claim.

### 1. Copyright Infringement

Under 17 U.S.C. § 504, the infringer of a copyright may be held liable for either 1) the copyright owner's actual damages or 2) statutory damages. When a party seeks statutory damages, a court may award either: 1) a sum "not less than $750 or more than $30,000" per infringement where willfulness has not been shown or 2) in instances where the copyright owner has established that the infringement was committed willfully, "a sum of not more than $150,000." 17 U.S.C. § 504(c). In this instance, Plaintiff has demonstrated that it held a valid copyright for five products which Defendants infringed upon – SolidWorks 2016, SolidWorks 2017, SolidWorks 2018, SolidWorks 2019, and SolidWorks 2022. (Doc. 1, ¶ 111; Doc. 1-2). Moreover, Plaintiff maintains that such infringement was willful. (Doc. 33, p. 15). In support thereof, Plaintiff cites to Defendants' history of infringement. (Doc.

33, p. 16). Plaintiff maintains that it first detected instances of Defendant using pirated SolidWorks software in 2017. (Doc. 33, p. 2). In response, it sent a cease-and-desist letter via email to Tang on June 26, 2017, and a follow-up letter via email and postal mail on September 14, 2017. (Doc. 33, p. 2). In its Supplement, Plaintiff asserts that the infringing activity ceased until a brief resurgence in 2018 which was quashed through further communications. (Doc. 40, p. 5). Plaintiff was subsequently alerted to new infringement activity by Defendants in November 2022. (Doc. 33, p. 2). In response, on November 17, 2022, Plaintiff once again sent a letter to Tang and Nguyen via email and postal mail, but the infringing activity did not cease until at least June 26, 2023. (Doc. 33, p. 3). Plaintiff maintains that it is entitled to willful statutory damages as Defendants refused to settle for their infringement outside of court or further respond to this action. Plaintiff thus requests this court award it five times its actual damages, $494,575, on its copyright infringement claim. Plaintiff further maintains that Tang, Nguyen, and Linear are jointly and severally liable for the full amount under the theory of vicarious liability while Morris is solely responsible for infringed products used on his computer. Plaintiff thus requests Morris be held jointly and severally liable with Tang, Nguyen, and Linear for $179,135.[4]

### 2.  Circumvention of Technological Measures

---

[4] This figure represents five times the licensing cost of the two infringing products traced to Morris's computer.

Much like an action for copyright infringement, a person injured by a violation of 17 U.S.C. 1201 may seek either actual or statutory damages. Under 17 U.S.C. 1203(a), when the complaining party seeks statutory damaged before final judgment is entered, a court may award a "sum of not less than $200 or more than $2,500 per act of circumvention, device, product, component, offer, or performance of service, as the court considers just." Here, Plaintiff maintains that after bypassing the licensing key and effectively "cracking" its software, Defendants used the software 292 times across six computers during the date ranges list below.[5]

| Computer No. | Start Date | End Date | Number of Infringements | Years of Use (Rounded Up) |
|---|---|---|---|---|
| 1 | 2/13/2020 | 11/16/2022 | 28 | 3 |
| 2 | 05/12/2020 | 06/26/2023 | 213 | 4 |
| 3 | 11/19/2018 | 10/08/2022 | 30[6] | 4 |
| 4 | 11/13/2018 | 03/01/2019 | 10 | 1 |
| 5 | 02/10/2020 | 05/25/2021 | 9 | 2 |
| 6 | 07/29/2021 | 07/09/2022 | 2 | 1 |

---

[5] Plaintiff argues that because it first discovered the above infringements in November 2022, its claim for damages is timely under the discovery rule. Having reviewed Plaintiff's Supplement (Doc. 40), this Court is persuaded that given the nature of the infringing activity, Plaintiff was not on notice of Defendants' actions on these devices until November 2022. Accordingly, recovery is proper under the discovery rule. *Warner Chappell Music, Inc. v. Nealy*, No. 22-1078, 2024 WL 2061137 (U.S. May 9, 2024) (holding a plaintiff who has timely filed an infringement claim under the discovery rule is entitled to damages regardless of when the damage occurred)

[6] Though Plaintiff's Motion for Default Judgment originally identifies 39 infringements having occurred on Computer 3, Plaintiff's Supplement clarifies that nine of these are not applicable to this matter. The chart and total sum sought has been adjusted accordingly.

Plaintiff thus argues that due to the egregious and willful nature of Defendant's conduct as discussed above, it should recover the maximum amount possible under the statute - $730,000. Plaintiff further contends that under theory of vicariously liability, Linear, Tang, and Nguyen are jointly and severally liable for the full amount while Defendant Morris is only responsible for the 213 alleged infringements on his computer. Therefore, Plaintiff maintains that Morris is jointly and severally liable for $532,500 with Linear, Tang, and Nguyen.

### 3.  Breach of Contract

Under Massachusetts common law, "[t]he usual rule for damages in a breach of contract case is that the injured party should be put in the position she would have been in had the contract been performed." With respect to its breach of contract claim, Plaintiff maintains that its detection and monitoring software identified that the six computers at issue used the following SolidWorks Products for the follow time periods. (Doc. 33, p. 13-14; Doc. 33-1).

| Computer Number | Product | Years | License Fee | Yearly Subscription Cost | Total Unpaid Cost |
|---|---|---|---|---|---|
| 1 | SolidWorks Standard | 3 | $4,195 | $1,295 | $8,080 |
| 2 | SolidWorks Standard | 4 | $4,195 | $1,295 | $9,375 |
| 2 | Flow Simulation | 3 | $14,695 | $3,919 | $26,452 |
| 3 | SolidWorks Standard | 4 | $4,195 | $1,295 | $9,375 |
| 3 | Inspection Standard | 1 | $2,410 | $599 | $3,009 |
| 3 | PDM Standard | 1 | $3,267 | $998 | $4,265 |
| 4 | SolidWorks Premium | 1 | $8,395 | $1,995 | $10,390 |

| 5 | SolidWorks Premium | 2 | $8,395 | $1,995 | $12,385 |
| 5 | Inspection Professional | 1 | $4,195 | $999 | $5,194 |
| 6 | SolidWorks Premium | 1 | $8,395 | $1,995 | $10,390 |
| | | | | Total: | **$98,915** |

Accordingly, Plaintiff maintains that it is entitled to $98,915 from Linear on its breach of contract claim as this would put Plaintiff in the position it would have been in had Defendants abided by the terms of the agreement.

### 4.  Duplicative Recovery

Though Plaintiff has established its entitlement to recovery under each of its theories of liability, "[t]he law is clear that a plaintiff cannot recover duplicative statutory damages under different legal theories where the conduct underlying the claims is the same." *Dish Network L.L.C. v. Whitehead*, No. 3:09-CV-532-J-32JRK, 2011 WL 6181732 (M.D. Fla. Dec. 13, 2011). Here, although Plaintiff has plead recovery under theories of copyright infringement, circumvention of technological measures, and breach of contract, each of these claims arise from a single injury, i.e. Defendants' wrongful use and dissemination of its software. Thus, because "no duplicative recovery of damages for the same injury may be had," Plaintiff is entitled to only a single award of damaged regardless of the theory under which it is awarded. *Lukes's Cataract and Laser Institute, P.A. v. Sanderson*, 573 F.3d 1186, 1204 (11th Cir. 2009). Accordingly, as Plaintiff has made no indication as to its preferred

theory of recovery, this Court awards damages under the theory that will allow the maximum recovery, circumvention of technological measures.

### iv.  Injunctive Relief

In addition to its request for monetary damages, Plaintiff also seeks injunctive relief in this matter to prevent further infringements of its copyrights. Such relief is provided for in the Copyright Act and favored by the courts. *See* 17 U.S.C. § 502(a); *Sony Music Entm't Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) ("Injunctive relief is a traditional remedy for copyright infringement and is especially favored where there is a history of continuing infringement and a substantial threat of continued infringement."). To obtain injunctive relief, the moving party must show: "(1) it has achieved actual success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause; and (4) if issued, the injunction would not be adverse to the public interest." *Broadcast Music, Inc. v. PRB Prods., Inc.*, No. 6:13-cv-1917-Orl-31KRS, 2014 WL 3887509, at *5 (M.D. Fla. Aug. 7, 2014).

Here, all four of these elements have been established. First, by nature of the Defendants' defaults, Plaintiff has established the first two elements. *See Reiffer v. Legendary Journeys, Inc.*, No. 8:17-cv-2748-T-35AAS, 2019 WL 2029973, at *5 (M.D. Fla. Apr. 10, 2019) ("By obtaining default judgment on liability, [Plaintiff] established likelihood of success on the merits and irreparable harm."). As to the third element, the Court finds that the threatened injury to Plaintiff, specifically the

costs and hardship of continuing to protect its copyrighted works, outweighs any damage the injunction may cause to Defendants. By imposing the injunction, Defendants would be "harmed" only in the sense that they would be precluded from copying and using Plaintiff's software without proper licensing, an illegal act. Thus, the Court does not find this a sufficient harm which outweighs the substantial justification for imposing the injunction in this case. Finally, imposing an injunction is in the public interest because it promotes the purposes of the Copyright Act. *See id.* (stating that the "public has an interest in protecting copyrighted works"). Therefore, it is recommended that Plaintiff's request for injunctive relief be granted.

## IV.    Conclusion

Accordingly, it is hereby

RECOMMENDED:

1.    Plaintiff's Motion for Default Judgment (Doc. 33) against Defendants be GRANTED.

2.    A default judgment as to Count I be entered against all Defendants.

3.    A default judgment as to Count II be entered against all Defendants.

4.    A default judgment as to Count III be entered against Defendant Linear.

5.    Plaintiff shall be awarded $730,000. Defendants Linear, Tang, and Nguyen are to be held jointly and severally liable for $730,000, and Defendant Morris shall be held jointly and severally liable for only $532,500.

6.  Plaintiffs' request for a permanent injunction should be granted. The

permanent injunction should read as follows:

Defendants, Linear Engineering & Manufacturing Corp., Quy
Ming Tang, Dieu Nguyen, and Austin Morris, individually and
their agents, employees, and all persons acting under their
permission or authority shall be permanently enjoined and
restrained from infringing, in any manner, the copyrighted
software licensed by Dassault Systemes SolidWorks
Corporation.

IT IS SO REPORTED in Tampa, Florida, this 21st day of May 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:    Hon. Kathryn Kimball Mizelle
       Counsel of Record