UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DASSAULT SYSTÈMES
SOLIDWORKS CORPORATION,

    Plaintiff,

v.                                     Case No: 8:23-cv-01444-KKM-AEP

LINEAR ENGINEERING &
MANUFACTURING CORP.,
QUY MINH TANG,
DIEU NGUYEN,
and AUSTIN MORRIS,

    Defendants.

_____

## ORDER

    Dassault Systemes SolidWorks Corporation moves for default judgment against Linear Engineering & Manufacturing Corporation, Quy Ming Tang, Dieu Nguyen, and Austin Morris. (Doc. 33). Dassault seeks damages and an order permanently enjoining Linear, Tang, Nguyen, and Morris "from directly or indirectly infringing Dassault's copyrights." *Id.* at 24. The magistrate judge issued a report recommending the entry of a default judgment on each of Dassault's three counts; a damages award of $730,000; and a permanent injunction prohibiting the defendants "from infringing, in any manner, the copyrighted software licensed by Dassault Systems SolidWorks Corporation." (Doc. 41) at

20–21. On May 22, 2024, the clerk mailed copies of the report and recommendation to the defendants' last known addresses.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). If a party files a timely and specific objection to one of the magistrate judge's findings of fact, the district court must review that factual issue de novo. *Stokes v. Singletary*, 952 F.2d 1567, 1576 (11th Cir. 1992). A district court reviews legal conclusions de novo, even without an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019). The fourteen-day deadline to object to the report and recommendation has passed, even accounting for the extra three days provided for mailing under Federal Rule of Civil Procedure 6(d). Neither party has objected. After careful review, the report and recommendation is adopted with one exception.

When granting injunctive relief, a district court must comply with Rule 65(d)'s "requirement that injunctions state their terms specifically and 'describe in reasonable detail' the 'act or acts restrained or required.'" *United States v. Askins & Miller Orthopaedics, P.A.*, 924 F.3d 1348, 1361 (11th Cir. 2019) (quoting FED. R. CIV. P. 65(d)); *see also SEC v. Goble*, 682 F.3d 934, 948–52 (11th Cir. 2012) (vacating an

injunction that "merely cross-reference[d] the relevant statutes and regulations"); *Payne v. Travenol Laby's, Inc.*, 565 F.2d 895, 897–98 (5th Cir. 1978) (vacating Title VII "obey the law" injunction). This requirement embodies two ideas, that "[a]n injunction should clearly let defendant know what he is ordered to do or not to do," and that "court order[s] should be phrased in terms of objective actions, not legal conclusions." *Goble*, 682 F.3d at 950 (quotations omitted). Strict adherence to these principles "prevent[s] uncertainty and confusion on the part of those faced with injunctive orders" and "avoid[s] the possible founding of a contempt citation on a decree too vague to be understood." *Id.*

Dassault's proposed injunction, which would prohibit the defendants "from directly or indirectly infringing Dassault's copyrights" does not comply with Rule 65(d). (Doc. 33) at 24. An injunction restraining the defendants "from directly or indirectly infringing Dassault's copyrights" is no more than a general order to obey the Copyright Act. That neither provides the specificity Rule 65(d) requires nor gives the defendants fair notice as to the conduct forbidden. The report and recommendation states things differently, using language that would restrain the defendants "from infringing, in any manner, the copyrighted software licensed by Dassault Systemes SolidWorks Corporation." (Doc. 41) at 20. That is better, but still too vague. This case is not about every piece of "copyrighted software licensed by Dassault." Rather, it concerns certain specific products. *See* (Doc. 33-2) (listing "SolidWorks Standard," "SolidWorks

Premium," "Inspection Standard," "Inspection Professional," "Flow Simulation," and "PDM Standard"); *see also* (Doc. 33-1) (same). Tailoring the injunction to these products clarifies the scope of the order and ensures that the defendants have fair notice should Dassault later seek to enforce its injunction via contempt proceedings.

Accordingly, the following is **ORDERED**:

1.    The Magistrate Judge's report and recommendation (Doc. 41) is **ADOPTED** in full and made a part of this order subject to the discussion of injunctive relief above.

2.    The clerk is directed to **ENTER DEFAULT JUDGMENT** for Dassault Systemes SolidWorks Corporation and against Linear Engineering & Manufacturing Corporation, Quy Ming Tang, Dieu Nguyen, and Austin Morris.

3.    The judgment should include the following relief:

       a.    "Dassault Systemes SolidWorks Corporation shall be awarded $730,000. Defendant Morris shall be held jointly and severally liable for only $532,500 of that sum, with Defendants Linear, Tang, and Nguyen to be held jointly and severally liable for the full $730,000."

       b.    "Tang, Nguyen, Morris and Linear, including Linear's officers, directors, employees, agents, and servants, and all those in active

4

concert of participation with any of them, are permanently enjoined from infringing, in any manner, the following copyrighted software products licensed by Dassault Systemes SolidWorks Corporation: SolidWorks Standard, SolidWorks Premium, Inspection Standard, Inspection Professional, Flow Simulation, and PDM Standard."

4.   The clerk must **CLOSE** the case.

**ORDERED** in Tampa, Florida, on July 3, 2024.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE[*]

---

[*] Signed by Judge Steven D. Merryday to expedite the resolution of this motion. This case remains assigned to Judge Kathryn Kimball Mizelle.