UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DASSAULT SYSTÈMES,

    Plaintiff,

v.                                          Case No. 8:23-cv-1444-KKM-AEP

LINEAR ENGINEERING &
MANUFACTURING CORP.,
QUY MINH TANG, DIEU NGUYEN,
and AUSTIN MORRIS,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff's Motion for Entitlement to Attorney Fees and Expenses. (Doc. 46). Plaintiff initiated this action against Defendants for copyright infringement, circumvention of technological measures, and breach of contract, seeking damages arising from the impermissible use of its protected software (Doc. 1). Defendants failed to respond to Plaintiff's Complaint, and on July 8, 2024, a default judgement in favor of Plaintiff on all counts was entered in the amount of $730,000. (Doc. 44). Plaintiff now seeks reimbursement of its attorney's fees and litigation expenses. (Doc. 46).

Local Rule 7.01 prescribes a bifurcated procedure for determining attorney's fees, noting that "[a] party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount." M.D. Fla. R. 7.01(a). Under the Copyright Act,

a court may award reasonable attorney's fees to the prevailing party in a copyright action at its discretion. 17 U.S.C. § 705; *see also InDyne, Inc. v. Abacus Tech. Corp.*, 587 F. App'x 552, 554 (11th Cir. 2014); *Dubay v. King*, No. 3:17-CV-348-J-20MCR, 2021 WL 7209882, at *3 (M.D. Fla. Jan. 22, 2021); *Caracol Television, S.A. v. Telemundo Television Studios*, LLC, No. 18-23443-CIV, 2022 WL 17583608, at *7 (S.D. Fla. Aug. 4, 2022). In deciding whether to award attorney's fees, courts should consider the following factors: frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994); *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999).

Here, as evidenced by the entry of default, the litigation was not frivolous but rather the result of Defendant's continued impermissible use of Plaintiff's protected software. Moreover, awarding fees furthers deterrence and provides Plaintiff just compensation for the expenses associated with vindicating its rights. Thus, the weight of the factors falls in favor of awarding fees. *See McDermott v. El Sol Media Network, Inc.*, No. 6:22-CV-999-PGB-DAB, 2023 WL 2931277, at *5 (M.D. Fla. Feb. 8, 2023), *report and recommendation adopted*, No. 6:22-CV-999-PGB-DAB, 2023 WL 2931202 (M.D. Fla. Feb. 23, 2023) ("Fees and costs of suit are commonly awarded by courts in copyright infringement default cases.") Accordingly, having reviewed Plaintiff's motion and the filings therein, this Court finds that Plaintiff is

entitled to the reasonable attorney's fees and costs expended during the course of this litigation.

ORDERED:

1. Plaintiff's Motion for Entitlement to Attorney Fees and Expenses. (Doc. 46) is GRANTED.

2. Plaintiff shall file a supplemental motion for attorney's fees and costs that complies with Local Rule 7.01(c).

DONE AND ORDERED in Tampa, Florida, on this 8th day of August 2024.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:   Counsel of Record