**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DASSAULT SYSTÈMES
SOLIDWORKS CORPORATION,

Plaintiff,

v. Case No. 8:23-cv-1444-KKM-AEP

LINEAR ENGINEERING &
MANUFACTURING CORP.,
QUY MINH TANG, DIEU NGUYEN,
and AUSTIN MORRIS

Defendants.
_________________________________/

**PLAINTIFF DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S SUPPLEMENTAL MOTION ON THE AMOUNT OF ATTORNEYS' FEES AND COSTS**

Pursuant to L.R. 7.01(c) and this Court's order granting Plaintiff's Motion for Entitlement to Attorney Fees and Expenses (Doc. 47), Plaintiff Dassault Systemes SolidWorks Corporation ("Plaintiff" or "Dassault") hereby submits its supplemental motion for attorney's fees and costs.

Defendants Linear Engineering & Manufacturing Corp. ("Linear Engineering"), Quy Minh Tang ("Tang"), Dieu Nguyen ("Nguyen") and Austin Morris ("Morris") have not responded to this action despite having a judgment of $730,000 placed on them. Efforts to negotiate this matter pre-suit and litigate

this matter post-suit have been futile. There have therefore been no meet-and-confer efforts as it relates to the amount of attorneys fees. For purposes of this motion and to comply with the local rules, Dassault treats each rate and hour as if it is disputed.

## I. LEGAL STANDARDS

Courts use the lodestar method of calculating attorneys fees, multiplying reasonably expended hours by a reasonable hourly rate. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Cardinale v. Vitamin Emporium*, Case No. 6:21-cv-379-ACC-DAB, 2023 U.S. Dist. LEXIS 13567 at * 2 (M.D. Fla. Jan. 25, 2023) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

## II. THE RATES CHARGED WERE REASONABLE

The attorneys in this case billed at or below the going rate for attorneys with their experience. "The going rate in the community is the most critical factor in setting the fee rate." *Id.* (citing *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990). "This requires 'more than the affidavit of the attorney performing the work,' and generally includes evidence of the rates charged in similar circumstances." *Rudy v. Best Elec. Air Conditioning & Plumbing LLC*, Case No. 6:24-cv-1231-JSS-LHP, 2024 U.S. Dist. LEXIS 158618 at * 5 (M.D. Fla. Sept. 4,

2024) (citing *Norman v. Housing Auth. Of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Here, Dassault provides evidence in the form of economic surveys performed by the Florida Bar and the American Intellectual Property Law Association ("AIPLA"), along with citations to courts in this district finding these rates reasonable.

The going rate in the community for the attorneys on this case is $313-$375/hour. According to a Florida Bar survey, the median rate for attorneys in the Tampa area is $375/hour. Exhibit 1, ¶ 18; Exhibit C. This is an intellectual property case and Messrs. Forbis, Foley and Chernoff are intellectual property attorneys. According to a survey done by AIPLA, the median rate for IP attorneys with less than five years' experience like Mr. Foley and Mr. Chernoff is $313/hour. Exhibit 1, ¶ 11; Exhibit B. The median rate for IP attorneys like Mr. Forbis who has 30 years of experience is $525/hr. Exhibit 1, ¶ 5; Exhibit A.

Every attorney in this case billed less than the going rate. Mr. Johanson billed $325/hour, Mr. Forbis billed a discounted rate of $300/hour, I billed $275-$300/hour, Mr. Chernoff billed $275/hour and Mr. Boyd billed $225/hour. Exhibit 1 ¶ 6, 12, 14, 22.

Courts routinely find these rates reasonable. *See Cardinale*, 2023 U.S. Dist. LEXIS 13567 at * 6 ("A recent case in this district evaluating attorney's fees in a

trademark action found reasonable hourly rates ranged between $350 and $450 for partners, between $250 and $350 for associates"); *Dozr, Ltd. v. Bighorn Constr. & Reclamation, LLC*, Case No. 8:22-cv-1042-TPB-AEP, 2024 U.S. Dist. LEXIS 77685 at * 2 (M.D. Fla. Apr. 9, 2024) (finding rates between $260 and $384.14 reasonable); *Star2Star Commc'ns, LLC v. Amg Grp. Of Brunswick, LLC*, Case No. 8:20-cv-2078-TPB-JSS, 2022 U.S. Dist. LEXIS 203424 at * 4 (M.D. Fla. Nov. 8, 2022) (collecting cases and finding rates of $275 and $450 reasonable).

Dassault is seeking a reasonable $125-$150/hour for the work of the paralegals in this case, 25% less than what Ms. Krygowski and Ms. Towers actually billed. Courts in this district find paralegal rates of $150/hour reasonable. *See Rudy*, 2024 U.S. Dist. LEXIS 158618 at * 7 (collecting cases finding $150/hour paralegal rates reasonable); *Sunbelt Rentals, Inc. v. Brevard Renaissance Fair, Inc.*, Case No. 6:21-cv-789-RBD-EJK, 2022 U.S. Dist. LEXIS 36761 at * 4 ("relying on the undersigned's own knowledge, I find that an hourly rate of $150 is reasonable for Paralegal Grantham.") (citing *Rabco Corp. v. Steel Plaza, LLC*, No. 6:16-cv-1858-Orl-40LRH, 2019 U.S. Dist. LEXIS 180617 (M.D. Fla. July 29, 2019). Ms. Johanson's rate of $125/hour is below this. Exhibit 1, ¶ 23. Ms. Krygowski's rate is $200/hour. Exhibit 1, ¶ 15. This is reasonable in the St. Louis area where she works. *Reach Healthcare Found vv. SRZ Reach LTC*, Case No. 4:23-cv-228 RLW, 2024 U.S. Dist. 100852 at * 10 (E.D. Mo. June 6, 2024). However, Courts look at the

prevailing market rate in the place where the case is filed. *Cabera v. Fla Express Bus, LLC,* Case No. 8:13-cv-1850-T-35JSS, 2015 U.S. Dist. LEXIS 183827 at * 5- * 6 (M.D. Fla. Oct. 6, 2015) (citing *Am. Civil Liberties Union of Ga. V. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

## III. THE HOURS EXPENDED WERE REASONABLE

Dassault sought $1,345,990 in this action and received $730,000. The attorneys' fees sought are under five percent of those numbers. "The amount involved and the results obtained is the 'most important factor' in determining an award of attorneys fees." *Blessinger v. Wells Fargo & Co.*, Case No. 8:22-cv-1029-TPB-SPF, 2024 U.S. Dist. LEXIS 143073 at * 35 (M.D. Fla. Aug. 12, 2024) (Awarding $300,000 in attorneys' fees from an award of $1,000,000).

This was a difficult case to litigate. The novelty and difficulty of the questions is a factor in this analysis. *Id.; Cardinale,* 2023 U.S. Dist. LEXIS 13567 at * 2. This Court raised a complex question regarding the statute of limitations applicable in a copyright action. Doc. 35. *Nimmer on Copyright* has a 13,685-word section on this subject. Exhibit 1 ¶ 58; *See* Nimmer on Copyright, § 12.05. The law in this area was in flux at the time of the hearing and subsequent supplemental motion on default judgment. The Supreme Court was making its decision on a case on this topic. A three-justice dissent implied that it wanted to destroy the discovery rule entirely. *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 374

(U.S. May 9, 2024) (eight days after the supplemental motion on default judgement was submitted) ("[T]he Act almost certainly does not tolerate a discovery rule.").

It was difficult to litigate on a factual basis as well. Reviewing, analyzing, and piecing the monitoring technology data with other sources of data is a time intensive process. Exhibit 1, ¶ 54. As is presenting this information in a form fit for this Court. Exhibit 1, ¶ 55. The issue the Court presented a difficult factual issue regarding when the Plaintiff discovered the infringement at issue. This required an in-depth analysis of communications and data going back to 2017. Exhibit 1, ¶ 61. The time spent on this topic was worth it, we billed $9,402 on this topic and we were awarded with an additional $115,000 in damages because of it. Exhibit 1, ¶ 63.

The Court should also consider the attorneys' relationship with the Plaintiff. The nature and length of any professional relationship with the client is a factor here. *Id.; Cardinale,* 2023 U.S. Dist. LEXIS 13567 at * 3. Mr. Forbis has been working with the Plaintiff and related companies for 15 years. He has been involved in hundreds if not thousands of piracy disputes with the Plaintiff. Exhibit 1, ¶ 4. Myself and Mr. Chernoff spent years working on such piracy disputes. Exhibit 1, ¶¶ 8, 10. This experience has made us adept at working on these cases.

Mr. Forbis was lead counsel on this case, he reviewed the billed hours and cut hours for tasks that were excessive, duplicative, clerical or otherwise unreasonable. Exhibit 2. Mr. Forbis' judgement and experience in similar cases should be taken into consideration.

## IV. SUMMARY OF AWARD SOUGHT

Below is a table outlining the award the Plaintiff is seeking. It is based on the hours billed with Ms. Krygowski's and Ms. Towers' rates decreased to reflect the market this case is in. Exhibit 1, ¶ 64.

| Time Keeper | Rate | Hours | Total |
|---|---|---|---|
| Mr. Chernoff | $275 | 16.9 | $4,647.50 |
| Mr. Forbis | $300 | 1 | $300 |
| Mr. Foley | $275-$300 | 68.21 | $19,941 |
| Ms. Towers | $125 | .3 | $37.50 |
| Ms. Krygowski | $125 | 24.65 | $3,081.50 |
| Mr. Johanson | $325 | 2.3 | $747.50 |
| Mr. Boyd | $225 | 5.25 | $1,181.25 |
| Ms. Johanson | $125 | 4.8 | $600 |

**TOTAL: $30,536.25**

Dated: September 20, 2023

/s/ *Jeremiah J. Foley*
Glenn E. Forbis *(Pro Hac Vice)*
Jeremiah J. Foley *(Pro Hac Vice)*
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
248-641-1600
gforbis@harnessip.com
jfoley@harnessip.com

*Lead Counsel for Plaintiff*

Erik Johanson, Esq.
Florida Bar No. 106417
Joseph R. Boyd, Esq.
Florida Bar No. 1039873
ERIK JOHANSON PLLC
3414 W Bay to Bay Blvd
Suite 300
Tampa, Florida 33629
(813) 210-9442
erik@johanson.law
jr@johanson.law
ecf@johanson.law

*Local Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2024 I caused the foregoing papers to be served on the Defendants via FedEx to the following addresses, the work and home addresses of the Defendants:

Austin Morris
3450 Palencia Drive,
Apt. 811,
Tampa, FL 33618

Quy Minh Tang and Dieu Nguyen
11001 Longhill Dr. N
Pinellas Park, FL 33782

Linear Engineering & Manufacturing Corp.
11577 US HWY 19 N
Clearwater, FL 33764

/s/Jeremiah J. Foley
Glenn E. Forbis *(Pro Hac Vice)*
Jeremiah J. Foley *(Pro Hac Vice)*
Harness, Dickey & Pierce PLC
5445 Corporate Drive, Suite 200
Troy, MI 48098
248-641-1600
gforbis@harnessip.com
jfoley@harnessip.com
*Lead Counsel for Plaintiff*